IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT HINSON, JR.,
   Plaintiff,

vs.               3:08cv439/MCR/MD

JUDGE FRANK BELL
   Defendant.

_____

<u>REPORT AND RECOMMENDATION</u>

   This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1).  Leave to proceed *in forma pauperis* was granted and the initial partial filing fee has been paid (doc. 4 & 5).

   Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  From the allegations in plaintiff's complaint, it is clear that this case is subject to dismissal.

   The pro se plaintiff is an inmate at the Escambia County Jail.  The allegations of the complaint are somewhat convoluted, but pared to their essence, the court gleans that plaintiff contends that his civil rights were violated in June and July of 2008, when the defendant, Circuit Judge Frank Bell, prevented him from including "exculpatory material

evidence" during pre-trial proceedings and in his trial criminal trial.[1]  The evidence in question was an arrest report and a police report, and he appears to contend that Judge Bell's decision not to allow this evidence showed bias against him, and that with this evidence, he would not have been convicted.  Plaintiff's claim is barred by the doctrine of judicial immunity.

Judges acting in their judicial capacity are absolutely immune from damages suits. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see also Sibley v. Lando*, 437 F.3d 1067,1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley*, 437 F.3d at1070.  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Id*. (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)); *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288 (judicial immunity not overcome by allegations of bad faith or malice).  Furthermore, the immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted).  *Sibley*, 437 F.3d at 1070. Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288; *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98

---

[1] The nature of the trial is also not clear.  Escambia County Court records reflect three separate cases against the plaintiff that were filed in 2008.

*Case No: 3:08cv439/MCR/MD*

L.Ed.2d 555 (1988); *Dykes*, 776 F.2d at 948 (judge who has subject matter jurisdiction, but no personal jurisdiction retains immunity) (citing cases in accord).

The actions of which plaintiff complains in this case, evidentiary decisions with respect to plaintiff's criminal case, clearly fall within the realm of a "judicial capacity" action that is protected by the cloak of judicial immunity. As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and that judgment be entered accordingly.

At Pensacola, Florida, this 14th day of November, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:08cv439/MCR/MD*